## JURISDICTION OF COUNCIL TO TRY OFFICERS CHARGED WITH MISCONDUCT.

Circuit Court of Cuyahoga County.

J. A. MASTICK V. THE VILLAGE OF LAKEWOOD ET AL.

Decided, November 28, 1910.

*Municipal Council—Power to Try Officers Charged With Certain Offenses —Can Not Try Marshal on Charge of Malfeasance in Office.*

1. General Code, Section 4263, reserves to the council of a municipal corporation the right to try and remove both elected and appointed officers of the municipality (other than police and fire department officers and those under civil service rules), charged with bribery, nonfeasance in office, misconduct in office other than that specified in General Code, Section 4670, gross neglect of duty, gross immorality or habitual drunkenness.

2. A village council can not try the village marshal on charges of malfeasance in office filed by the mayor of the village.

*Hobday & Quigley*, for plaintiff in error.
*E. B. Guthery*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This case was heard on appeal.

The action was brought by a tax-payer to enjoin the council of the village from trying the marshal thereof on charges filed against him by the mayor.

It is claimed that if the council formerly had power to try the marshal under Section 225 of the Municipal Code of 1902, as amended April 25, 1904 (97 O. L., 385), that power was taken away February 10, 1910, by the adoption of the General Code, which made a material change in the meaning of said section.

Said Section 225 of the Municipal Code we now find as Sections 4263 to 4267 inclusive, of the General Code.

Section 4263, General Code, reads as follows:

"The mayor shall have general supervision over each department and officer provided for in this title. When the mayor has reason to believe that the head of a department or such officer

has been guilty in the performance of his official duty of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality or habitual drunkenness, he shall immediately file with the council, *except when the removal of such head of department or officer is otherwise provided for,* written charges against such person setting forth in detail a statement of such alleged guilt,'' etc.

The balance of the section provides for service of a copy of the charges upon the person against whom the charges are made.

The following sections relate to hearing of the charges and action thereon by the council, suspension of accused pending hearing, power of council as to process, compulsory testimony and costs.

From an examination of the whole body of the municipal code we are convinced that these provisions of law apply to both elected and appointed officers of cities and villages.

The marshal of a village is an elected officer.

The words "*except when the removal of such head of department or officer is otherwise provided for*" were inserted by the code commission and adopted by the Legislature when it enacted the General Code last February.

It is claimed by defendants that these words were inserted so as to exempt officers of the police and fire departments and the chiefs thereof from trial before the council. Their removal is otherwise provided for in General Code, Sections 4379 to 4382 inclusive, which are a re-enactment of provisions on the subject theretofore in force.

But the provisions of law which now appear as Sections 4670 to 4675, General Code, inclusive, were also in existence at the same time.

Section 4670, General Code, reads as follows:

''When complaint under oath is filed with the probate judge of the county in which the municipality, or the larger part thereof is situated, by any elector of the corporation, signed and approved by four other electors thereof, charging any one or more of the following:

''That a member of the council has received, directly or indirectly, compensation for his services as councilman, commiteeman, or otherwise, contrary to law; or that a member of the

council or an officer of the corporation is or has been interested directly or indirectly in the profits of a contract, job, work, or service, or is or has been acting as, a commissioner, architect, superintendent or· engineer in work undertaken or prosecuted by the corporation, contrary to law; or that a member of council or an officer of the corporation has been guilty of misfeasance or malfeasance in office, such probate judge shall forthwith issue a citation to the party charged in such complaint for his appearance before him within ten days from the filing thereof, and also furnish the accused and city solicitor with a copy thereof, but, before acting upon such complaint, such judge shall require the party complaining to furnish sufficient surety for costs.''

The following sections provide as to appearance of counsel, jury, challenge of jurors, proceedings on the trial, removal of officer if found guilty and how costs shall be paid.

There can be no doubt that ''an officer of the corporation'' provision for whose removal by the probate judge is thus made, may be either an elected or appointed officer of a city or village.

An examination of the several provisions of law with regard to the removal of municipal officers which were in force before the code commission and the Legislature acted when the General Code was adopted, shows that council had power to remove both elected and appointed officers on charges filed by the mayor; the probate judge had power to remove both elected and appointed officers on complaint of five electors and the civil service commission had power to remove certain appointed officers.

The jurisdiction of council and probate judge was apparently concurrent as to certain matters; that the jurisdiction of the civil service commission as to the removal of police and fire department officers was also concurrent with either that of council or judge is not so apparent.

The code commission by apt, general and unambiguous words restricted the power of removal vested in council to cases not otherwise provided for.

It is said by Okey, J., in the case of *Allen* v. *Russell,* 39 Ohio St., 336:

''Where one or more sections of a statute are repealed and re-enacted in a different form, the fair inference is, in general, that a change in meaning was intended; though even in such a case

the intention may have been to correct a mistake or remove an obscurity in the original act, without changing its meaning. But where all the general statutes of a state, or all on a particular subject, are revised and consolidated, there is a strong presumption that the same construction which the statutes received, or, if their interpretation had been called for, would certainly have received, before revision and consolidation, should be applied to the enactment in its revised and consolidated form, although the language may have been changed.  *Gardner* v. *Woodyear*, 1 Ohio, 170, 176; *Swasey* v. *Blackman*, 8 Ohio, 5, 20; *Ash* v. *Ash*, 9 Ohio St., 383, 387; *Tyler* v. *Winslow*, 15 Ohio St., 364, 368; *Williams* v. *State*, 35 Ohio St., 175; *Jackson* v. *State*, 36 Ohio St., 281, 286; *State* v. *Com.*, 36 Ohio St., 326; *State* v. *Vanderbilt*, 37 Ohio St., 590, 640; *Bishop's Written Laws* (98). Of course, if it is clear from the words that a change in substance was intended, the statute must be enforced in accordance with its changed form.''

It is thought to be clear from the words used that a change in substance was intended in the statutes under consideration.

But it is said that to so conclude leads to an absurdity; that the Legislature might just as well have said to the mayors of municipalities: ''We place upon you the plain duty and responsibility of filing charges before your council against officers of the municipality, and upon the council of trying these charges, but, really, you are not compelled to do anything because we have provided another method of removal of them by the probate judge and placed the responsibility of action on an elector of your municipality.''

An examination of the several statutes referred to does not warrant more criticism than many statutes warrant.  Section 4263, General Code, provides for removal from office by council, if they find the officer guilty in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness.  Here are specified many grounds for removal; then follows the exception in case the removal is otherwise provided for.  Looking to Section 4670, General Code, we find that the probate judge may remove an officer only when he is charged with being interested in the profits of a contract with the corporation, or with acting as commissioner, architect, superintendent

or engineer in work undertaken or prosecuted by it, contrary to law, or with being guilty of misfeasance or malfeasance in office.

Only part of these grounds overlap in the two sections. Misfeasance and malfeasance appear in both; misconduct in office is a very general term, and probably includes some things specified in the probate judge section, but may include much more, so we conclude that under the statute, as it now reads, there is preserved to council the right to try and remove officers (other than police and fire department officers and those under civil service rules) charged with bribery, nonfeasance in office, misconduct in office other than that specified in Section 4670, General Code, gross neglect of duty, gross immorality or habitual drunkenness.

So concluding, it is necessary to examine the charges filed with council in this case in order to determine whether the marshal is charged with having been guilty of acts that are triable by council under the law as it now is, or as it was before February 10, 1910, the date of the adoption of the General Code.

The mayor says:

"I charge that the said William Frankline knowingly charged, asked, demanded and received greater fees and costs than are allowed by law for performing his official duty as marshal in cases brought in the mayor's court from August 2, 1908, to June 13, 1910, in the total sum of eight hundred and four dollars and twenty-five cents."

An itemized statement of "said cases" is attached which gives the date when some 287 cases were "brought."

The gravamen of the offense is *receiving* unlawful fees, but there is nothing to show when the marshal received greater fees and costs than those allowed by the law, and as the mayor says, "I am filing these charges with you pursuant to Sections 4262 and 4263 of the General Code of the state of Ohio," we are forced to conclude that the marshal received all these fees and costs after February 10, 1910.

The charge is plainly malfeasance in office and the offense appearing to have been committed since February 10, 1910, the council is without authority to proceed with trial on these charges.

Were the charges susceptible of division so that it appeared clearly that part of the acts complained of were committed before February 10, we would not enjoin trial as to said acts, but only as to acts committed since said date, as directed in Sections 26 and 13766, General Code. See also *Campbell* v. *State,* 35 Ohio St., 70, 78.

There is little reluctance in granting the relief prayed for in this case. The only question is whether a municipal council or a court of law having a judge and a jury shall try an officer charged with a most serious offense, punishable not only by the probate judge under the statutes referred to, by removal from office, but punishable also after conviction in court, by fine and imprisonment, involving also forfeiture of his office and incapacity to hold any office of honor, profit or trust for seven years thereafter. Sections 12916, 12917, General Code.

The mayor is necessarily an elector of the village and no reason appears why he should not proceed with his charges before the probate judge or by criminal process, nor why council is so jealous of its claimed prerogative, contrary to the practice of courts of law which are averse to extending their jurisdiction beyond the requirements of the law.

We have made no examination of the charge that council is prejudiced and should not try the marshal, because it is unnecessary to examine it.

The prayer of the petition is granted and injunction is allowed as prayed for.